Deborah LINDALL, Appellant,

v.

**KENTUCKY RETIREMENT SYSTEMS, Appellee.**

No. 2001–CA–002338–MR.

Court of Appeals of Kentucky.

Aug. 1, 2003.

Stacey Hardin Hibbard, Mark L. Morgan, Danville, KY, for appellant.

James Dodrill, Frankfort, KY, for appellee.

Before BUCKINGHAM, McANULTY, and SCHRODER, Judges.

McANULTY, Judge.

Appellant Deborah Lindall appeals from the decision of the Franklin Circuit Court which affirmed the Board of Trustees of the Kentucky Retirement Systems' denial of disability retirement benefits. Benefits were denied because it was determined that appellant's bipolar condition was pre-existing and there was no exception applicable.

The pertinent statutory provisions are contained in KRS 61.600:

(2) Upon the examination of the objective medical evidence by licensed physicians pursuant to KRS 61.665, it shall be determined that:

(a) The person, since his last day of paid employment, has been mentally or physically incapacitated to perform the job, or jobs of like duties, from which he received his last paid employment. In determining whether the person may return to a job of like duties, any reasonable accommodation by the employer as provided in 42 U.S.C. sec. 12111(9) and 29 C.F.R. Part 1630 shall be considered;

(b) The incapacity is a result of bodily injury, mental illness, or disease. For purposes of this section, "injury" means any physical harm or damage to the human organism other than disease or mental illness;

(c) The incapacity is deemed to be permanent; and

(d) *The incapacity does not result directly or indirectly from bodily injury, mental illness, disease, or condition which pre-existed membership in the system or reemployment, whichever is most recent.* For purposes of this subsection, reemployment shall not mean a change of employment between employers participating in the retirement systems administered by the Kentucky Retirement Systems with no loss of service credit.

(3) *Paragraph (d) of subsection (2) shall not apply if:*

(a) *The incapacity is a result of bodily injury, mental illness, disease, or condition which has been substantially aggravated by an injury or accident arising out of or in the course of employment;* or

(b) The person has at least sixteen (16) years' current or prior service for employment with employers participating in the retirement systems administered by the Kentucky Retirement Systems.

(Emphasis added.)

Appellant argues on appeal that the Board and the circuit court did not correctly apply the provisions of the statute and that her right to equal protection of the law was violated. We affirm.

The facts, as found by the hearing officer, were as follows: Appellant was employed as a Family Services Clinician with the Cabinet for Families and Children, Department of Community Based Services. Appellant's bipolar disorder was diagnosed around 1974 and she had problems on and off with the disorder. Appellant was hospitalized and treated with medication. However, she had no problems with bipolar disorder from the time she began work at the Cabinet in 1991 until her most recent assignment in Marion County. According to appellant's testimony at the hearing, the work in Marion County became difficult for her because she was required to learn to use a computer, and the work, which was mostly with children, was quite stressful.

The hearing officer found, based on the medical evidence, that appellant's bipolar disorder was a pre-existing condition be-

cause she was diagnosed in 1974 and she continued to take medication on a consistent basis to treat the condition. The hearing officer found that the condition was not "dormant" since it was an on-going condition from 1974 for which she was being treated. The hearing officer further found that it was subject to the bar for pre-existing illnesses. While appellant argued that the illness was substantially aggravated by her work, the hearing officer found no evidence of an injury or accident arising out of the employment.

The circuit court affirmed the finding that appellant's illness pre-existed her membership in the Kentucky Retirement Systems. The court concluded that job stress was not an injury arising out of employment under the applicable definition of injury in the statute. Finally, the court concluded that the classifications made in the statute were constitutional under the federal and state equal protection clauses. Appellant appeals the court's opinion.

In reviewing an agency decision, a court may only overturn that decision if the agency acted arbitrarily or outside the scope of its authority, if the agency applied an incorrect rule of law, or if the decision itself is not supported by substantial evidence in the record. *Kentucky State Racing Comm'n v. Fuller*, Ky., 481 S.W.2d 298 (1972). The court's role is to review the administrative decision, not to reinterpret or reconsider the merits of the claim. *Kentucky Unemployment Ins. Comm'n v. King*, Ky.App., 657 S.W.2d 250 (1983).

Appellant first argues that the court should not have regarded the bipolar disorder as pre-existing when she was asymptomatic for eight years, including the entire time that she worked as a social worker for the Cabinet for Families and Children. Appellant argues, accordingly, that the meaning given to pre-existing in these circumstances is overbroad because it does not take into account those years that she had no symptoms of the illness while on medication. She also complains that treating her illness as pre-existing leads to an absurd result because a physical ailment would have been compensable if it had been aggravated into a disabling condition by her work.

We do not agree with appellant's construction of the statute. We conclude that the interpretation that appellant wishes us to give it would require us to rewrite the statutory language. Courts are not at liberty to add or subtract from a legislative enactment, nor to discover meaning not reasonably ascertainable from the language used. *Beckham v. Board of Education of Jefferson County*, Ky., 873 S.W.2d 575, 577 (1994). Courts are also required to give the words of a statute their plain meaning, which prevents a court from adding language to the statute which does not presently exist. *Bailey v. Reeves*, Ky., 662 S.W.2d 832, 834 (1984). Furthermore, where the legislature has not created exceptions to the terms of a statute, courts must presume that none were intended. *Stone v. Kentucky Ins. Guar. Assoc.*, Ky.App. 908 S.W.2d 675 (1995).

We believe that herein appellant is asking us to read additional language into the statute. In order to accept appellant's interpretation, we would have to conclude that where section (2)(d) of KRS 61.600 refers to "bodily injury, mental illness, disease, or condition which pre-existed membership in the system or reemployment," it excludes those pre-existing injuries, mental illnesses, diseases or conditions which have been dormant or asymptomatic. We are precluded from adding such terms or meaning to the plain language of the statute.

Additionally, we do not agree that the interpretation given these terms leads to an absurd result. As the circuit court noted, appellant's course of illness is similar to that of other health maladies which must be held in check by medication, such as high blood pressure or diabetes. The court stated that if appellant had been diagnosed with one of those illnesses the condition would properly have been considered pre-existing. Further, having to take medication to prevent symptoms of an illness means that the illness is still present. We agree with the circuit court that this is not an extraordinary situation and did not lead to an absurd result. The court's conclusion was rational and supported by the facts in the record. Therefore, we affirm the circuit court's determination that appellant's bipolar disorder was an illness which pre-existed appellant's membership in the Kentucky Retirement Systems.

▉ Next, appellant argues that if her condition is pre-existing, it was substantially aggravated by an employment related injury—the work stress she suffered—and so her claim for benefits is not barred. The circuit court applied the definition of injury in KRS 61.600(2)(b), "any physical harm or damage to the human organism other than disease or mental illness[,]" to determine that appellant did not suffer a work related injury or accident under KRS 61.600(3)(a). Appellant contends, however, that the definition of injury in KRS 61.600(2)(b) is not applicable because it states that it is to be used only for "this section," meaning (2) only.

We believe the circuit court correctly interpreted the statute. The court looked to the language of the statute and found that the legislature referred in (3) to "*paragraph* (d) of *subsection* (2)." And in KRS 61.600(2)(b) the definition of injury is made to apply to the "section," rather than again referring to (2) as a subsection.

Therefore, the "section" referred to must encompass all of the subsections, including (2) and (3). The court found that because of the way the General Assembly labeled the statute, it did not intend to confine the definition of injury to subsection (2). Therefore, the court agreed that appellant had not shown that her pre-existing illness was substantially aggravated under the statute. We conclude that the circuit court interpreted the structure of the statute correctly by focusing on its plain language to elucidate the intent of the legislature.

▉ Finally, appellant makes an equal protection argument that the legislature could not bar a claim of a substantial aggravation of a mental condition by non-physical causes when it would have allowed such a claim if it had been aggravated by a physical cause. Appellant believes there is no rational basis for such a distinction. The circuit court held that because there was no suspect classification involved in this case, the burden was on appellant to show that there was no rational basis. A classification by the legislature should be affirmed unless it is positively shown that the classification is so arbitrary and capricious as to be hostile, oppressive and utterly devoid of a rational basis. *Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet*, Ky., 689 S.W.2d 14, 19 (1985). The trial court found that appellant did not establish that the enactment was devoid of a rational basis.

▉ On appeal, appellant argues that the distinction has no rational relation to any goal of the retirement system. Appellant argues that her case demonstrates that non-physical disorders are no less disabling and may be proved medically. However, the appellee Kentucky Retirement Systems asserts that the enactment can be supported by economic considerations. The Kentucky Retirement Systems argues that the General Assembly

did not want to award enhanced disability benefits to a person who alleged work-related stress as an aggravating factor. We agree that an economic decision to limit awards for disability retirement based on the types of claims is a rational basis for the distinction made within the statute. Therefore, we cannot agree with appellant that the statutory distinction is devoid a rational basis. We affirm the circuit court on this issue.

For the foregoing reasons, we affirm the decision of the Board of Trustees of the Kentucky Retirement Systems and the opinion and order of the Franklin Circuit Court.

ALL CONCUR.