**KENTUCKY EXECUTIVE BRANCH ETHICS COMMISSION,**
Appellant

v.

**Felicia M. WOOTEN, James D. Wooton and Ron G. Winters, Appellees**

and

**Kentucky Executive Branch Ethics Commission, Appellant**

v.

**Joyce Parker and Julie Shields, Appellees**

NO. 2013–CA–000524–MR, NO. 2013–CA–001571–MR

Court of Appeals of Kentucky.

RENDERED: OCTOBER 3, 2014; 10:00 A.M.

Discretionary Review Denied by Supreme Court August 12, 2015

Briefs for Appellant: Kathryn H. Gabhart, General Counsel, Executive Branch Ethics Commission, Frankfort, Kentucky, John R. Steffen, Executive Director Executive Branch Ethics Commission, Frankfort, Kentucky

Brief for Appellees: Bobby Richardson Glasgow, Kentucky, Luke Morgan, Lexington, Kentucky

BEFORE: COMBS, THOMPSON AND STUMBO, JUDGES.

## OPINION

STUMBO, JUDGE:

Kentucky Executive Branch Ethics Commission ("the Commission") appeals from two Orders of the Franklin Circuit Court. Those Orders reversed two Final Orders of the Commission holding that several Property Valuation Administrators improperly used their official positions or offices to obtain financial gain for their family members in violation of KRS 11A.020(1)(c). As a basis for the reversals, Judges Phillip J. Shepherd and Thomas D. Wingate independently determined that KRS 11A.020(1)(c) does not bar Property Valuation Administrators from hiring or promoting family members. In this consolidated appeal, we conclude that KRS 11A.020(1)(c) cannot reasonably be interpreted to prohibit Property Valuation Administrators from promoting and hiring family members. Accordingly, we AFFIRM the Orders on appeal.

In 2007, the Commission began investigating the hiring and promotion practices of several elected Property Valuation Administrators ("PVAs") throughout the Commonwealth. Thereafter, the Commission charged five PVAs with violation of KRS 11A.020(1)(c), to wit, that each had improperly hired or promoted family members within their respective offices. These charges were as follows: 1) Harlan County PVA Felicia Wooten was charged with improperly submitting a Request for Personnel Action ("RPA") with the Department

of Revenue recommending her son, Derrick Wooten, for a promotion and salary increase; 2) Leslie County PVA James D. Wooton submitted an RPA recommending that his daughter, Mara Wooton, be hired as a General Deputy Trainee; 3) Oldham County PVA Ron G. Winters recommended that his wife, Barbara Winters, be promoted from Deputy to Chief Deputy; 4) Laurel County PVA Joyce Parker recommended that her daughter, Christis Garland, for appointment to a seasonal full-time position. Garland was subsequently hired as a full-time Secretary in the Laurel County PVA Office; and 5) Taylor County PVA Julie Shields recommended that her husband, Martin Shields, be appointed as a Deputy in the Taylor County PVA Office. In 2007, he was appointed Chief Deputy.

After an investigation, each of the charged PVAs was found to have violated KRS 11A.020(1)(c), which states that "No public servant, by himself or through others, shall knowingly ... [u]se his official position or office to obtain financial gain for himself or any members of the public servant's family[.]" The Commission then imposed various penalties, ranging from an order to cease and desist further violations to a $5,000 fine.

In 2008, eleven PVAs filed a Petition in Franklin Circuit Court seeking a Declaration that the Commission's interpretation of KRS 11A.020 was unconstitutional and not supported by statutory or regulatory authority. The Franklin Circuit Court granted Summary Judgment in favor of the PVAs upon determining that PVAs are local elected officials and not state employees who fell under the authority of KRS Chapter 11. This ruling was reversed on appeal to a panel of this Court. Thereafter, the Commission rendered Final Or-

ders against the Petitioners for violation of KRS 11A.020(1)(c).

Appellees Wooten, Wooton and Winters independently appealed the Commission's Final Orders to the Franklin Circuit Court, and the matters were subsequently consolidated before Judge Shepherd. Similarly, Parker and Shields each prosecuted an appeal to the Franklin Circuit Court, with those actions being consolidated before Judge Wingate. The two appeals proceeded in Franklin Circuit Court, resulting in Opinions and Orders being rendered on March 5, 2013, and August 28, 2013, respectively. In each instance, the court reversed the Commission's Final Orders. As a basis for reversing, Judges Shepherd and Wingate each determined in relevant part that KRS 11A.020(1)(c) could not be construed to bar the hiring or promotion of family members.[1] Rather, the courts determined that the statute does not provide that a public servant may not "use his official position or office to obtain *compensation* for himself or any members of the public servant's family," but rather bars *financial gain*. In making this distinction, the courts determined that the Legislature's usage of the term *compensation* denoted earned income which is not prohibited, as distinguished from gifts, gratuities, kickbacks and other forms of *financial gain*.

The courts went on to note that while the Commission's goal of eliminating nepotism was laudable, other Kentucky statutes which prohibit nepotism are crafted with language that is explicit and absolute. Conversely, they found that 11A.020(1)(c) is broad and indefinite, and does not contain specific and unequivocal language as is found in every other instance in which nepotism is barred.

---

1. Judge Wingate's August 28, 2013 opinion disposing of the appeals of Parker and Shields adopted *in toto* the analysis of Judge Shepherd's March 5, 2013 Opinion.

Finally, the courts recognized that following the enactment of 11A.020(1)(c) in 1992, the Commission rendered an Advisory Opinion stating that "the Executive Branch Code of Ethics does not specifically prohibit the employment of relatives in PVA offices." Exec. Branch Ethics Comm., Advisory Opinion 93–24 (June 7, 1993). Some years later, the Commission proposed an amendment to KRS Chapter 11A, which was submitted to the 2000 General Assembly. This legislation would have amended KRS 11A.020(1)(c) to expressly bar nepotism in the Executive Branch. That effort was unsuccessful, and KRS 11A.020(1)(c) remained in its present form. Then in 2004, the Commission issued another Advisory Opinion which mirrored the language of the rejected, proposed legislation and stated that the hiring or promoting of a family member was a *per se* violation of the Ethics Code. Exec. Branch Ethics Comm., Advisory Opinion 04–34 (September 30, 2004). In addressing the 1993 Advisory Opinion, the proposed legislative amendment, and the 2004 Advisory Opinion, Judges Shepherd and Wingate determined that the Commission's own Advisory Opinions were contradictory and that it could not circumvent the legislative process by administrative fiat.

█ Having closely studied the record and the law, we find no error in the circuit courts' reasoning or disposition of the consolidated appeals. The matter before us centers on the construction of KRS 11A.020(1)(c). As noted above, it provides that "No public servant, by himself or through others, shall knowingly ... [u]se his official position or office to obtain financial gain for himself or any members of the public servant's family[.]" The dispositive question for our consideration is whether the phrases "to obtain" and "financial gain"—which are not defined by statute—properly encompass any earned "compensation" and "income"—terms which are defined by KRS 11A.010. We conclude that Judges Shepherd and Wingate did not err in answering this question in the negative. Because the phrases "to obtain" and "financial gain" are not defined by statute, they are to be given their normal, ordinary, common meaning. KRS 446.080(4); *Commonwealth v. Plowman,* 86 S.W.3d 47, 49 (Ky.2002).

It is helpful in this inquiry to recognize that in contrast to KRS 11A.020(1)(c), other legislative action barring nepotism is clear and unambiguous in its repudiation of the practice. See KRS 160.380(2)(f), which provides that one "shall not promote any relative of a school board member," or KRS 96.172(2) stating that "[n]o person shall be appointed ... who is related within the third degree to the mayor[.]"

Additionally, it is telling that the Commission's original interpretation of KRS 11A.020, which was promulgated in Exec. Branch Ethics Comm., Advisory Opinion 93–24 (June 7, 1993), is in direct opposition to the view which it now advocates. While its decision to change its interpretation of KRS 11A.020 is by no means fatal to its argument herein, it does demonstrate that the statutory language at issue does not clearly and unambiguously bar the hiring and promotion of family members within a PVA's office.

Ultimately, we recognize that had the Legislature sought to bar the hiring and promotion of family members within a PVA's office, it could have employed clear language to that effect. It did not do so. Additionally, the Legislature declined to adopt the 2000 amendment tendered by the Commission, which would have expressly barred the practice.

A reviewing court may overturn an agency's decision where the agency acted "arbitrarily or outside the scope of its au-

thority, if the agency applied an incorrect rule of law, or if the decision itself is not supported by substantial evidence in the record." *Lindall v. Kentucky Retirement Systems,* 112 S.W.3d 391, 394 (Ky.App. 2003). Judges Shepherd and Wingate determined that the Commission acted arbitrarily by interpreting KRS 11A.020(1)(c) as barring the hiring and promotion of family members with a PVA's office, and we find no error in that conclusion. A plain reading of the statutory language, especially in the context of the Commission's evolving interpretation of same and the Legislature's unwillingness to amend the statute with clear and unambiguous anti-nepotism language, leads us to conclude that the Legislature did not intend to bar the hiring and promotion of family members within a PVA's office via KRS 11A.020(1)(c). We find no error.

█ Finally, we hold as moot the Commission's argument that Judges Shepherd and Wingate improperly applied the Rule of Lenity in support of their respective Opinions. This rule broadly provides that doubts in statutory construction are to be resolved in favor of lenity and against a construction that would produce extremely harsh or incongruent results. *See Woods v. Commonwealth,* 793 S.W.2d 809, 814 (Ky.1990). *Arguendo,* even if this rule were improperly applied herein as the Commission argues, which we do not find to be the case, Judges Shepherd and Wingate reached the correct conclusions for the reasons stated above.

For the foregoing reasons, we AFFIRM the Opinions and Orders of the Franklin Circuit Court.

ALL CONCUR.