**SUNRISE CHILDREN'S SERVICES, INC., Appellant**

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and Lola Llerena, Appellees**

**NO. 2014–CA–000633–MR**

Court of Appeals of Kentucky.

MARCH 11, 2016; 10:00 A.M.

Rehearing Denied May 26, 2016

Discretionary Review Denied by Supreme Court April 19, 2017

BRIEFS FOR APPELLANT: John O. Sheller, Louisville, Kentucky

BRIEF FOR APPELLEE, KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION: James C. Maxson, Frankfort, Kentucky

BRIEF FOR APPELLEE, LOLA LLERENA: Lyn Taylor Long, Elizabethtown, Kentucky

BEFORE: CLAYTON, KRAMER, AND NICKELL, JUDGES.

*OPINION*

NICKELL, JUDGE:

Sunrise Children's Services, Inc., (Sunrise) has appealed from the Hardin Circuit Court's April 10, 2014, order affirming the decision of the Kentucky Unemployment Insurance Commission (KUIC) which in turn affirmed the decision of the KUIC Appeals Referee determining Lola Llerena was qualified to receive unemployment benefits upon finding Llerena was discharged for reasons other than work-related misconduct. Following a careful review, we affirm.

Llerena began working on April 23, 2007, as a counselor at Sunrise's Elizabethtown facility which housed abused and neglected children. On November 13, 2012, a female client of the facility became upset and ran out of one classroom into another. When directed to return to her classroom, the child instead ran into a restroom. Llerena and two male employees responded to the incident. One of the males was Llerena's direct supervisor, Ernest Kellogg. Knowing the child had a history of self-mutilation, Llerena attempted to stop her from locking herself in the restroom. A struggle at the door ensued. The child eventually opened the door and came out of the restroom in "attack mode." After a short verbal altercation with two male staffers and Llerena, the child moved toward Llerena. When confronted, Llerena quickly raised her hands—purportedly in the interest of self-protection as she had been taught in her safe-crisis management (SCM) training provided by Sunrise—and made contact with the girl who then stumbled backwards. The child started kicking, screaming, and grabbing at Llerena's hair, name tag and keys. Because of the violent outburst, the child was taken to the floor and restrained by the two male staff members. The child was then forcibly removed to another area of the facility.

At some point later that day, the child alleged Llerena had inappropriately hit her. Pursuant to protocol, Sunrise reported the incident to the two state agencies which oversee its operations, the Department of Community Based Services (DCBS) and the Office of the Inspector General (OIG), for their review. Llerena continued to work during the pending investigations. Both of the agencies viewed a video recording[1] of the incident captured by a camera located in the hallway where the incident occurred. DCBS and OIG cleared Llerena of wrongdoing related to the allegations levied by the child.

Approximately six weeks after the incident, on December 27, 2012, Sunrise terminated Llerena's employment for using inappropriate physical contact with the child. It indicated the decision was primarily based on its review of the same video reviewed by DCBS and OIG. Llerena's request to view the video was denied.

Llerena filed a claim for unemployment benefits on January 2, 2013, which Sunrise contested. An initial determination denied benefits upon finding Llerena had used an inappropriate physical hold on the child. Llerena appealed that decision and a hearing before the Referee was conducted on March 27, 2013, and April 5, 2013. Conflicting testimony was introduced surrounding the events of November 13, 2012. Llerena was the only eyewitness to testify. The video recording was not introduced

---

1. The only video referenced in this case apparently contained no audio recording of the incident.

into evidence, although two of Sunrise's employees testified they had reviewed the footage and relayed what they observed. Following the hearing, the Referee concluded Llerena was discharged for reasons not associated with misconduct and found she was not disqualified from receiving benefits.[2] The Referee gave more weight to Llerena's eyewitness testimony than that of the two Sunrise employee's whose testimony was based solely upon a review of the video recording.

Sunrise appealed the decision to KUIC arguing it had produced sufficient evidence of misconduct to warrant Llerena's termination. Sunrise requested an order reinstating the initial determination of Llerena's disqualification from receiving benefits, and alternatively, for a remand to the Referee with instructions for the Referee to consider the video evidence. Sunrise again did not seek to introduce a copy of the video recording. KUIC affirmed the Referee's conclusions with only minor modifications by order entered on June 11, 2013.

Sunrise then filed an action in the Hardin Circuit Court challenging KUIC's decision. Sunrise argued KUIC's findings were arbitrary because video evidence existed and the testimony of its witnesses was derived from their review of that recording. Sunrise posited several other arguments relating to Llerena's alleged willful violation of Sunrise's rules and procedures, as well as her violation of state procedures. It thus argued KUIC's decision should be overturned. In the alternative, Sunrise requested a remand to KUIC with instructions for KUIC to take additional evidence—or require the Referee to do so—to wit, the video footage. Sunrise appended a copy of the video recording to its brief to the trial court, the first time in the fourteen months since

the incident that it had attempted to produce what it considered vital evidence of Llerena's misconduct. After reviewing the *certified* record before it, the trial court affirmed KUIC's decision by order entered on April 14, 2014. In its order, the trial court noted Sunrise's failure to introduce the recording was counter to its position that KUIC should "watch the video." Finally, the trial court concluded KUIC's findings of fact were supported by substantial evidence and the decision Sunrise had failed to carry its burden was correct as a matter of law. This appeal followed.

■ Sunrise contends it presented sufficient proof of Llerena's misconduct to warrant denial of unemployment benefits; KUIC's findings of fact were arbitrary; the Referee erred in failing to inquire as to existence of the video recording; KUIC's refusal to remand the matter to the Referee with instructions to view the video was "illogical;" the trial court erred in denying its request for remand to KUIC with instructions to view the video or further remand to the Referee with instructions to do so; KUIC and Llerena waived opposition to Sunrise's contention Llerena "flouted" state regulations; and that it was entitled to an oral argument before the trial court. Based on these allegations, Sunrise urges reversal. Alternatively, Sunrise again seeks remand to KUIC for the purpose of obtaining additional evidence. Discerning no error, we affirm.

■ The applicable standard of review was set forth in *Thompson v. Kentucky Unemployment Ins. Comm'n,* 85 S.W.3d 621, 624 (Ky. App. 2002), as follows:

Upon review of an administrative agency's adjudicatory decision, an ap-

---

**2.** *See* Kentucky Revised Statutes (KRS) 341.370(1)(b).

peal court's authority is somewhat limited. The judicial standard of review of an unemployment benefit decision is whether [KUIC's] findings of fact were supported by substantial evidence and whether the agency correctly applied the law to the facts. Substantial evidence is defined as evidence, taken alone or in light of all the evidence, that has sufficient probative value to induce conviction in the minds of reasonable people. If there is substantial evidence to support the agency's findings, a court must defer to that finding even though there is evidence to the contrary. A court may not substitute its opinion as to the credibility of the witnesses, the weight given the evidence, or the inferences to be drawn from the evidence. A court's function in administrative matters is one of review, not reinterpretation.

(Internal citations omitted). Furthermore, judicial review of a decision by KUIC is to proceed in summary fashion and is limited to the certified record provided by the agency. KRS 341.450(3). Courts have "no authority to consider evidence outside the record or to incorporate new proof into the record." *Travelodge Intern. Inc. v. Kentucky Unemployment Ins. Comm'n*, 710 S.W.2d 232, 234 (Ky. App. 1986). Thus, like the trial court, we are con-

strained to consider only the evidence presented to the Referee to determine the propriety of the decision to grant Llerena unemployment benefits.[3]

This leads us to an important observation regarding Sunrise's continued improper reliance on evidence which has not been properly placed in the certified record. The video recording which Sunrise argues is an integral part of its case was not presented to the Referee and was never made a part of the administrative record. Although a purported copy of the video was appended to a pleading filed in the trial court, under the rules governing judicial review, the trial court correctly concluded it was prohibited from considering the purported evidence as it was outside the record. Undaunted, Sunrise appended what we assume to be a copy of the video footage to the brief filed in this Court.[4] Like the trial court, our review is limited to the record developed before the Referee, and we are not at liberty to consider newly presented evidence in making our decision.[5]

In taking the referee, KUIC, and the trial court to task for not considering this "vital" evidence, Sunrise attempts to shift the blame for its failure to make an adequate record. It refers to the video in question as "undisputed" and argues the

---

3. In fact, KUIC itself is limited by a Kentucky Administrative Regulation (KAR) as to the matters it may consider on appeal from a Referee. 787 KAR 1:110(2)(a)1 provides "all appeals to the commission shall be heard upon the records of the division and the evidence and exhibits introduced before the referee." Consequently, KUIC was prohibited from considering the video recording in its review of the Referee's decision.

4. We have not viewed the contents of the compact disc containing the alleged video file.

5. The video recording at issue is technically contained within the circuit court record

which would normally permit review and consideration by this Court. However, the evidence was not properly placed in the administrative record, could not properly be introduced for the first time in the trial court, and certainly cannot be appropriately introduced before this Court for our consideration. Quite simply, the video evidence is not properly in the record on appeal and should not have been appended to Sunrise's brief. Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(vii) ("Except for matters of which the appellate court may take judicial notice, materials and documents not included in the record shall not be introduced or used as exhibits in support of briefs.")

recording was so important a *sua sponte* inquiry by the Referee into its existence was required. It likewise faults KUIC for refusing to consider this crucial piece of evidence. Further, Sunrise argues the trial court "arbitrarily" refused to consider the video evidence and unreasonably "ignored Sunrise's request to remand" the matter to KUIC for the purpose of obtaining the video. However, Sunrise fails to comprehend its own failure to produce the video recording to which only it was privy and upon which its entire defense apparently rested, is the root of its own problem.

■ The burden of proof was on Sunrise to show Llerena was discharged for misconduct associated with her employment. Although armed with a proverbial smoking gun, Sunrise failed to introduce it into evidence at the appropriate time— before the Referee. Now faced with the reality of its failure to create an adequate record, Sunrise argues strenuously it is illogical and unfair to not consider the very evidence it failed and refused to properly introduce. A party is required to practice its own case and should not rely on others to save them from their own mistakes. We decline Sunrise's urgent invitation to do so in this case. Thus, as previously held, because the video evidence was not produced before the Referee and properly made a part of the certified record, it may not be considered. Our decision will be premised solely upon the record properly before us.

■ As we have previously stated, the decision of an administrative agency will not be disturbed if substantial evidence exists in the record supportive of the determination, even though conflicting evidence may have been presented.

It is important to note that "the fact that [we] may not have come to the same conclusion regarding the same findings of fact does not warrant substitution of [our] discretion for that of an administrative agency." *Kentucky Unemployment Insurance Commission v. Landmark Community Newspapers of Kentucky, Inc.*, 91 S.W.3d 575, 582 (Ky. 2002). As fact-finder, the Board is afforded great latitude in its evaluation of the evidence heard and the credibility of the witnesses appearing before it. *Kentucky State Racing Commission v. Fuller*, 481 S.W.2d 298, 308 (Ky. 1972). The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. KRS 13B.150.

*Carreer v. Cabinet for Health and Family Services*, 339 S.W.3d 477, 484 (Ky. App. 2010), *as modified* (July 2, 2010).

The record before us is replete with conflicting evidence related to the events culminating in Llerena's termination. Contrary to Sunrise's contention, we cannot say the evidence overwhelmingly supported its claim. Rather, it appears the Referee, being tasked with determining the weight and credibility of the evidence presented, found Sunrise's evidence less convincing than that presented on behalf of Llerena. Based on this assessment, the Referee concluded Sunrise had failed to carry its burden of showing Llerena's termination resulted from work-related misconduct, a decision echoed by two other state agencies. Clearly, Sunrise disagrees with the Referee's decision, but a mere disagreement with the assessment of the evidence and the weight to be given thereto constitutes an insufficient basis upon which to reverse. Sunrise's vehement argument that its position was supported by substantial evidence before the Referee is likewise insufficient for us to substitute our judgment for that of an administrative body. *See Thompson*, 85 S.W.3d at 624.

■ We have reviewed the record and conclude the Referee's decision was supported by substantial evidence as the trial court correctly found. The task of the courts in administrative matters is one of review, not reinterpretation. *Id.* Because the Referee received and relied upon substantial evidence of probative value to support its decision, we are without authority to alter that determination. The Referee, KUIC and the trial court properly applied the correct rule of law, and we are unable to discern any arbitrariness or capriciousness in the administrative decision. *Lindall v. Kentucky Retirement Systems,* 112 S.W.3d 391, 394 (Ky. App. 2003). There has been no showing of a sufficient basis to disturb the decision of the Referee—or the affirmance thereof by KUIC—as the trial court correctly concluded based on the same arguments presented below. Sunrise is simply not entitled to the relief it seeks.

■ Next, Sunrise alleges Llerena and KUIC waived any opposition to its argument below that Llerena "flouted" state regulations by her actions. Sunrise claims it argued before the trial court that Llerena's actions were in direct contravention of a litany of administrative regulations and therefore constituted misconduct. It contends Llerena and KUIC failed to address this argument and the trial court failed to provide any mention or analysis of the matter. Thus, it claims Llerena and KUIC have waived any opposition to the argument and the trial court's failure to rule requires reversal. We disagree.

■ It is undisputed Sunrise had the burden of proving Llerena was dismissed for work-related misconduct. Throughout the proceedings, Sunrise has consistently argued Llerena improperly applied a physical hold on the child, in violation of corporate rules and policies. Llerena has consistently contended she acted appropri-

ately. By its own admission, Sunrise raised the specter of violations of administrative regulations for the first time before the trial court. It is axiomatic that a party may not raise an issue for the first time on appeal. *See Kennedy v. Commonwealth,* 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth,* 312 S.W.3d 321, 327 (Ky. 2010). Thus, further discussion of the issue is unwarranted and would be improper, as would any discussion of it have been by the trial court because it, too, was sitting in an appellate capacity. *Kennedy* applies with equal force to all appellate proceedings.

Finally, we are unconvinced by Sunrise's contention it was entitled to an oral argument before the trial court. We are not inclined to participate or endorse the mental gymnastics advanced by Sunrise to foist such a requirement on trial courts. Here, the trial court indicated it would review the record and the briefs submitted by the parties to determine whether it believed a hearing was necessary. Clearly, the trial court concluded adjudication of the matter did not require oral argument. Sunrise's displeasure with having its request denied simply does not equate to error on the part of the trial court. We discern no infirmity.

For the foregoing reasons, the judgment of the Hardin Circuit Court is affirmed.

ALL CONCUR.