RENDERED: JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0233-MR

MARGARET A. WILLIS                                                      APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 16-CI-004795

CHRISTIAN CARE COMMUNITIES;                                 APPELLEES
RAY DICKISON; MARK WITT; AND
CHIQUITA BOOKER

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Margaret A. Willis ("Willis") brought a *pro se* action against her landlord seeking recovery for symptoms of prolonged carbon monoxide exposure she alleges occurred in her apartment. The Jefferson Circuit Court granted summary judgment in favor of Christian Care Communities, Chiquita Booker, Mark Witt, and Ray Dickison (collectively "Christian Care") due to

Willis' failure to retain a medical expert to testify regarding causation. Willis appealed. After careful review, finding no error, we affirm.

Willis lived in an apartment in Chapel House, a senior living community, in Louisville. At Chapel House, individuals live independently but have access to advanced-care options, community activities, and other amenities. It is owned and operated by Christian Care Communities.

On September 30, 2016, Willis filed a *pro se* civil complaint against Christian Care asserting various causes of action to recover damages for injuries she claimed were caused by prolonged exposure to carbon monoxide in her apartment. She claimed she was exposed to persistent levels of carbon monoxide due to exhaust from the flue of her building's gas boiler and exhaust created by the building's gas-powered clothes dryers. Willis claims her exposure caused her to develop Parkinsonian tremors.

More than a year after filing her complaint and after being granted numerous continuances, Willis identified for the first time a potential expert witness, David G. Penney, Ph.D., who might testify on her behalf as an expert in carbon monoxide toxicology. Willis advised the court that "Dr. Penney has made the causal connection between carbon monoxide exposure and physical damage done." Record at 146. Willis claimed she paid Dr. Penney $1,200 to provide this opinion, but he sent her insufficient documentation that was not what they had

agreed upon. She also claimed he would not return her numerous follow-up phone calls and voicemails. She cites Dr. Penney's misrepresentation as the reason why she lacks funds to retain another expert to testify regarding causation in this case.

On May 18, 2018, Christian Care moved for summary judgment arguing Willis had not and could not produce sufficient evidence of causation to support her claims. Specifically, Christian Care argued summary judgment was required because Willis had not disclosed an expert to testify that her alleged Parkinsonian tremors were caused by exposure to carbon monoxide.

In response to the motion, Willis argued summary judgment was premature because discovery was ongoing and expert witnesses were not required to be disclosed at that time. She requested a continuance and requested the motion for summary judgment not be ruled on, so she could get Dr. Penney's report making the causal connection between her carbon monoxide exposure in her apartment and her Parkinsonian tremors.

The circuit court denied Christian Care's motion for summary judgment, finding Dr. Penney's supposed opinion, when viewed in a light most favorable to Willis, was sufficient to show a genuine issue of material fact precluding summary judgment. However, the circuit court expressed its skepticism as to whether Dr. Penney actually agreed to testify as an expert witness at trial. The circuit court ordered Willis to produce, within thirty days, an

amended, sworn answer to Christian Care's interrogatory seeking identification of expert witnesses under CR[1] 26.02. The court made clear that Christian Care could renew its motion for summary judgment if Willis failed to comply with its order.

Willis failed to comply with the circuit court's order to answer Christian Care's interrogatory identifying expert witnesses. Instead, Willis sought another extension of time to obtain an expert. The circuit court ordered her to identify an expert who would testify at trial on the issue of causation by January 31, 2019. Willis also failed to comply with that order.

On February 14, 2019, Christian Care renewed its motion for summary judgment based on Willis' failure to comply with the circuit court's orders to identify an expert witness who would testify at trial regarding medical causation. Willis argued there was ample evidence to make a causal connection between the levels of carbon monoxide in her apartment and her symptoms. She also asserted that *res ipsa loquitor* applied to allow the jury to infer causation without expert testimony.

On January 16, 2020, the circuit court granted Christian Care's renewed motion for summary judgment and dismissed the complaint with prejudice. The circuit court found Willis was required to provide expert testimony to prove exposure to carbon monoxide by Christian Care caused her injuries.

---

[1] Kentucky Rules of Civil Procedure.

Willis was given more than three years to locate an expert on causation and failed to, so the court concluded it would be impossible for Willis to produce evidence at trial warranting a judgment in her favor. This appeal followed.

On appeal, Willis argues: (1) she was not yet required to disclose a causation expert; (2) *res ipsa loquitor* is applicable to this case because there was sufficient circumstantial evidence to make a causal connection without an expert witness; (3) learned treatises could have proven causation; and (4) there was misrepresentation and misconduct on the part of Christian Care and Dr. Penney. "A trial court's decision to grant summary judgment for insufficient evidence is to be reviewed *de novo* on appeal." *Ashland Hospital Corporation v. Lewis*, 581 S.W.3d 572, 577 (Ky. 2019).

Before addressing the merits of Willis' appeal, we must address Christian Care's assertion that Willis failed to include specific citations to the record as required by CR 76.12(4)(c)(v). Although Willis filed her brief *pro se*, "we have every reason to expect the briefs filed by *pro se* appellate advocates to demonstrate a good faith attempt to comport with CR 76.12, our rule for preparing briefs." *Hallis v. Hallis*, 328 S.W.3d 694, 698 (Ky. App. 2010) (citing *Louisville and Jefferson Cty. Metro. Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 537 (Ky. 2007)).

Willis' failure to comply with CR 76.12 hinders our ability to review her arguments. *See Hallis*, 328 S.W.3d at 695-97. "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis*, 328 S.W.3d at 696 (citation omitted). Willis failed to include specific citations to the record. Because Willis' arguments fail on the merits, we elect to ignore the deficiency and proceed with our review.[2]

First, expert testimony was required to prove medical causation of Willis' alleged injuries. Christian Care likens this case to medical malpractice cases in which plaintiffs are generally required to introduce expert medical testimony to prove causation. Although this is clearly not a medical negligence case, it is similar in that "proof of causation requires the testimony of an expert witness because the nature of the inquiry is such that jurors are not competent to draw their own conclusions from the evidence without the aid of such expert testimony." *Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991) (citing *Jarboe v. Harting*, 397 S.W.2d 775 (Ky. 1965); *Johnson v. Vaughn*, 370 S.W.2d

---

[2] Willis filed a motion for extension of time to file her reply brief. In response to said motion, Christian Care moved our Court to strike a portion of Willis' motion titled "In Camera Section" because it raised unfounded, new accusations. Willis did not respond to Christian Care's motion. By order dated March 17, 2021, the Court sustained Willis' motion for extension of time to file her reply brief but passed Christian Care's motion to the merits panel for disposition. We have addressed this motion via a separate order to be entered contemporaneously with this Opinion.

591 (Ky. 1963)).  However, "[a]s an exception to the general rule, expert testimony is not necessary 'where the common knowledge or experience of laymen is extensive enough to recognize or infer negligence from the facts.'" *Baylis*, 805 S.W.2d at 124, n.3 (quoting *Jarboe*, 397 S.W.2d at 778; *Meiman v. Rehabilitation Center, Inc.*, 444 S.W.2d 78 (Ky. 1969); *Maggard v. McKelvey*, 627 S.W.2d 44 (Ky. App. 1981)).

Here, the general rule applies.  Testimony from a medical expert on the element of causation was required because laymen do not have extensive knowledge of any possible link between prolonged carbon monoxide exposure and Parkinsonian tremors.  Willis argues a note from her treating physician, Dr. James McKiernan, is sufficient, but it merely states Willis' Parkinsonian tremors *may* be related to carbon monoxide exposure.  Willis also argued her own recollection of visits to her general practitioner, Kimberly Brumleve, were sufficient to prove causation.  This purported evidence is insufficient under *Jarboe*, which requires medical testimony "that the causation is probable and not merely possible." *Jarboe*, 397 S.W.2d at 778.

Furthermore, Willis argues "learned treatises" negate the need for an expert witness in this case.  However, Willis' interpretation of the use of learned treatises is incorrect.  KRE[3] 803(18) provides as an exception to the hearsay rules:

---

[3] Kentucky Rules of Evidence.

> To the extent called to the attention of an expert witness upon cross-examination or relied upon by the expert witness in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice. If admitted, the statements may be read into evidence but may not be received as exhibits.

The rules of evidence allow "learned treatises" to be read into evidence by expert witnesses. Thus, they cannot aid her in proving causation in this case without an expert witness.

Second, the trial court did not abuse its discretion in determining Willis had sufficient time to identify an expert witness before granting summary judgment in favor of Christian Care. Willis argues because there was no trial date set, she was not required to disclose expert witnesses. Her argument relies upon an unpublished Kentucky case[4] and a United States Sixth Circuit Court of Appeals case,[5] neither of which are relevant to this case.

"A trial court is granted wide latitude in managing its docket and discovery deadlines." *Love v. Walker*, 423 S.W.3d 751, 758 (Ky. 2014). "The trial court's determination that a sufficient amount of time has passed and that it can

---

[4] *Ries v. Oliphant*, No. 2011-CA-000100-MR, 2017 WL 242714 (Ky. App. Jan. 20, 2017), *discretionary review granted* (Feb. 7, 2018), *rev'd*, 568 S.W.3d 336 (Ky. 2019).

[5] *Vance By and Through Hammons v. United States*, 90 F.3d 1145 (6th Cir. 1996).

properly take up the summary judgment motion for a ruling is reviewed for an abuse of discretion." *Blankenship v. Collier*, 302 S.W.3d 665, 668 (Ky. 2010).

Here, Willis had "a sufficient opportunity for discovery" as the circuit court granted her numerous continuances over the course of three years to allow her more time to identify a medical causation expert. *Love*, 423 S.W.3d at 758. The circuit court was generous and provided Willis ample opportunity to identify a causation expert, and Willis continually failed to comply with the court's orders to do so. Thus, the circuit court did not abuse its discretion in determining that it could properly take up Christian Care's motion for summary judgment.

Third, there is no proof to support Willis' speculative and unpreserved claims of misrepresentation and fraud. For the first time on appeal, Willis argues Christian Care and Dr. Penney engaged in misrepresentation and misconduct that warrant reversal. She claims Christian Care continually misrepresented the case by wrongfully stating her claim was for Parkinson's disease instead of Parkinsonian tremors or Secondary Parkinsonism. She argues Dr. Penney "took her money and ran." Appellant's Brief at 7. Willis further claims "[t]here may be sufficient evidence that Penney was paid off by the opposing side." *Id*.

Christian Care asserts Willis failed to preserve this argument. CR 76.12(4)(c)(v) requires appellate briefs contain "at the beginning of the argument a statement with reference to the record showing whether the issue was properly

preserved for review and, if so, in what manner." The purpose of this rule is that we "can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"It is axiomatic that a party may not raise an issue for the first time on appeal." *Sunrise Children's Services, Inc. v. Kentucky Unemployment Ins. Comm'n*, 515 S.W.3d 186, 192 (Ky. App. 2016) (citation omitted). "As this Court has stated on numerous occasions, 'appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court.'" *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012) (quoting *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321 (Ky. 2010)). As this argument is not properly before us and Willis does not request review for palpable error under CR 61.02, we decline to address this argument.

For the foregoing reasons, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEES: |
|---|---|
| Margaret A. Willis, *pro se* Louisville, Kentucky | Ronald G. Sheffer Joseph P. Mankovich Louisville, Kentucky |